UNITED STATES BANKRUPTCY COURT
DISTRICT OF IDAHO

| In Re:<br><br>PETER MICHAEL LESBO,<br><br>                      Debtor. | Bankruptcy Case<br>No. 19-40683-JMM |
|---|---|

## MEMORANDUM OF DECISION

**Appearances:**

    Kameron M. Youngblood, Idaho Falls, Idaho, former attorney for debtors.

    Andrew S. Jorgensen and Jason R. Naess, Boise, Idaho, attorney for the United States Trustee.

    Heidi Buck Morrison, Pocatello, Idaho, attorney for trustees Gary Rainsdon and Sam Hopkins.

### Introduction

Debtor Peter Michael Lesbo ("Debtor") filed a chapter 7[1] bankruptcy petition on July 22, 2019. Ex. 306 at Doc. No. 1. In doing so, he was represented by attorney Kameron M. Youngblood ("Youngblood"). Upon finding a number of concerning issues with how Youngblood was handling his cases, the United States Trustee ("UST") filed a motion for sanctions in this and over 50 other cases, of which 44 were assigned to this Court. *Id.* at Doc. No. 75. The Court conducted a hearing on the motions on November

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

MEMORANDUM OF DECISION — 1

18, 2021, after which it permitted supplemental briefing. Following the briefing, the motions were deemed under advisement.

After considering the record, submissions, and arguments of the parties, as well as applicable law, this decision resolves the motion. Fed. R. Bankr. P. 7052; 9014.

### *The Sanctions Motion*

In the motion in this case, the UST alleges two specific items of sanctionable conduct: first, that Youngblood violated Rule 1007 by filing required documents in an untimely manner, and second, that Youngblood exhibited a pattern and practice of violating § 526. With regard to the sanctions motions filed in each of the separate cases, when considered as a whole, the UST alleges a pattern and practice of violations under §526. As a result, the UST seeks the following monetary and non-monetary remedies:

1. Cancelling or voiding any contract or agreement between the Debtor and Youngblood under § 329;

2. Disgorging the fees Debtor paid to Youngblood under § 329;

3. Injunctive relief under § 526(c)(5) and the Court's inherent powers, specifically:
    a. Suspending Youngblood's practice in front of the Court until the Court is satisfied the concerns identified have been corrected;
    b. If Youngblood is allowed to practice in front of the Court again, requiring him to file a "status report" signed by the client and Youngblood in each case where he appears as counsel, attesting that:
        i. Youngblood personally met and reviewed the Petition, Schedules, Statement of Financial Affairs, and other documents with the client prior to filing;
        ii. The client's questions have been answered regarding the Petition, Schedules, Statement of Financial Affairs, and other documents, and the information included therein, and the client is satisfied he or she is receiving adequate representation from Youngblood; and
        iii. The client provided Youngblood a copy of the wet signatures for the Petition, Schedules, SOFA, and other documents filed in the case. The requirement to file such a report should continue until the Court

MEMORANDUM OF DECISION — 2

       is satisfied it is no longer necessary.

4. Imposing a civil penalty under § 526(c)(5)(B) against Youngblood to deter him from making untrue and misleading statements and misrepresentations in the future, as a result of his intentional violations, and pattern and practice of violating, §§ 526(a)(1), (a)(2), and (a)(3).

Ex. 306 at Doc. No. 75.  The Court will discuss the allegation and the sanctions sought.

### *Applicable Law, Analysis, and Disposition*

1.  Rule 1007

Because a debtor's finances are typically private, the Court, creditors, the trustee, and UST all rely on the documents filed in the bankruptcy case for information about them.  As such, the Code, Rules, and local rules contain requirements and a timeline for filing necessary documents.  Section 521 describes a debtor's duties, including what documents must be filed.  Specifically, § 521(a)(1) requires a debtor to file certain schedules, a Statement of Financial Affairs ("SOFA"), and copies of payment advices.  Rule 1007(b) lists the documents a debtor is required to file, and subsection (c) of that Rule provides the deadlines for doing so.  Of particular relevance here, a debtor must file schedules and the SOFA within fourteen days of filing the petition.  Rule 1007(c).  The Rule further allows for an extension of this time "only on motion for cause shown and on notice to the [UST]…."  *Id*.  Local Rule 1007.2 further limits extensions of time for filing required documents, providing that any extension given under Rule 1007(c):

> will not be granted beyond the date set for the meeting of creditors under § 341(a) unless a judge orders otherwise for cause shown.  Any motion for extension of time filed under this rule shall (a) state the date of extension requested and (b) identify the date currently set for the § 341(a) meeting or, alternatively, affirmatively allege that no such date has yet been set.  An extension beyond the date set for the § 341(a) meeting will not be granted

MEMORANDUM OF DECISION — 3

unless the debtor has also been granted a continuance of the § 341(a) meeting, pursuant to LBR 2003.1, and the confirmation hearing if applicable, and provided appropriate notice thereof.

Finally, in order to put some teeth into the debtor's duty to file the required documents, § 521(i) provides that "if an individual debtor in a voluntary case under chapter 7 or 13 fails to file all of the information required under [§ 521(a)] with 45 days after the date of the filing of the petition, the case shall be automatically dismissed effective on the 46th day after the date of the filing of the petition."

In this case, the Debtor filed only a bankruptcy petition on July 22, 2019; the meeting of creditors was scheduled for August 19, 2019.  Ex. 306 at Doc. Nos. 1–2.  The deadline to file all other required documents was August 5, 2019.  *Id.* at Doc. No. 13.  On the due date, Debtor filed a motion to extend time to file the necessary documents, in which he requested an extension of an additional three days.  *Id.* at Doc. No. 16; Ex. 432.  The motion was granted, making August 8, 2019 the deadline for filing the necessary documents.  Ex. 306 at Doc. No. 17; Ex. 433.  Debtor missed that deadline, and instead filed the required documents on August 12, 2019.  Ex. 306 at Doc. Nos. 19–20.

The meeting of creditors was called on the scheduled date of August 19, at which Debtor and Youngblood both appeared.  The meeting was thereafter continued until September 16, 2019, in order for Debtor to file his tax returns and other documents the trustee requested.  *Id.* at Doc. No. 21.  The creditors meeting was thereafter scheduled and continued an additional ten times.  *Id.* at Doc. Nos. 22, 26, 32, 33, 35, 41, 46, 56, 57, and 58.  Finally, on June 30, 2020, the final meeting of creditors took place.  *Id.* at Doc. No. 59.  In seven of the continued creditors' meetings, the Debtor did not either show up

MEMORANDUM OF DECISION — 4

or call into the meeting, *Id.* at Doc. Nos. 33, 35, 41, 46, 57, 58, and 59, and three times Youngblood did not attend, *Id.* at Doc. Nos. 33, 46, 57.

Because the necessary documents were filed only a few days after the extended deadline and were filed a week before the initial meeting of creditors, the Court concludes Youngblood's performance, while marginally deficient, does not support the imposition of sanctions.

2. Injunctive Sanctions

As noted above, the UST seeks injunctive relief as well as a civil penalty under both § 526 and its inherent powers. While a pattern and practice of violating § 526 has been established by the other cases, the Court will not extend it to this case, where no specific conduct is otherwise sanctionable. Moreover, while a bankruptcy court has the authority to regulate the practice of lawyers who appear before it using its inherent powers, *In re Hurd,* 2010 WL 3190752, at *2 (Bankr. D. Idaho Aug. 11, 2010), the Court will not do so in this case where Youngblood largely fulfilled his responsibilities.

Accordingly, no sanctions will be imposed in this case.

/////

MEMORANDUM OF DECISION — 5

### *Conclusion*

Because the UST has not proven any sanctionable conduct occurred in this case, the Court will impose no sanctions on Youngblood.

A separate order will be filed.

DATED:  May 4, 2022

_____
JOSEPH M. MEIER
CHIEF U. S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION — 6